The opinion, of the Court was delivered-by

Mr. Justice Gantt.,

• The first ground taken in the brief,- is an objection to that-* part of the- charge of the presiding judge, which directed the jury not to allow the plaintiff interest on the count for ■ goods sold and delivered, after the expiration of sixty days. .
As a general principle, it cannot be denied that an account-for goods sold and delivered will not carry interest; 3’ Wilson^ 206. The right of the plaintiff to.recover interest in this case was contended for, because the defendant, when-lie purchased, the goods, entered into an express verbal contract to pay for-them in cotton within two months, and on his failing to-do this, he agreed that he would pay interest on the account after that - time.
' As respects the pleadings in this case, it is to be observed; that the count in the declaration for goods sold by the plaintiff to the defendant, was the generál or common count, usually inserted in the action of indebitatus assumpsit. There was no count settingforth the special agreement of the defendant,to pay for the goods, within a prescribed time in cotton, or that he would pay interest after that period. When therefore it is made to appear that a special contract subsists between the parties and remains of force, the law is very clear that a plaintiff will be precluded from recovering on a common count. In this case, the proofs offered by the plaintiff, shewed that a special contract was made, and was then subsisting and of force, and there being-no count in the declaration founded thereon, the plaintiff jn strict law ought not to have been permitted to recover any thing on the count relied on. 2 East. R. 147; Doug. 23.
The 2d. ground taken in the brief for a new trial is, “be-» cause the jury allowed a discount of $300 and interest, being the amount of a negro, for which the defendant had made an absolute bill of sale to the plaintiff.”
The argument used to support this objection is, that the court permitted the evidence to go to the jury which contradicted the tenor of the bill of sale, which on its face expressed *396 the consideration which the plaintiff had given for the negro. If the evidenceovhich. ivas received had gone to contradict the bill of sale, the argument would be conclusive that the. presiding judge had erred in permitting it to go to-the jury; for the. law is well settled, that parol evidence shall not be admitted to annul or substantially vary a written argument.
But the object and design of the bill of sale was to transfer the right of .property in this negro to the plaintiff, not to stop the defendant from any future investigation respecting the consideration agreed to be paid for him.
The consideration (o be paid for the negro, might or might not have been inserted in the bill of sale, and the transfer would in law have been as effectual the one way as the other. The insertion is .more a matter of form than substance, and in no event can preclude a party from enquiring into it. Had the defendant offered evidence to shew that the bill of sale was intended to transfer a less interest than what was expressed therein, or that another negro than the one described was intended, &c. then such evidence would be in contradiction to the deed and not admissible. In transactions -of this kind, it is well known that the consideration expressed in the instrument is not always paid down, but secured by bond, note or verbal promise: and it is the business of the purchaser to fortify himself with the evidence of having paid the consideration agreed to be given. It is every days practice to enquire into the consideration of parol agreements, and to shew a total or partial failure of the same; and as respects deeds, parol evidence may be admitted to prove other considerations than those mentioned therein. As where the consideration expressed in a deed was £23, parol evidence was admitted to prove that thirty pound was the real consideration. 3d T. R. 474.
In the case before us, Hancock, the defendant, being indebted to the plaintiff and reposing much confidence in him, executed the bill of sale, to the intent that the plaintiff might ■ sell the negro in town and apply the proceeds pro tanto, m payment of the account. ° That nothing was paid down, is evidenced by the explicit declarations of the plaintiff. Take *397 bis words as set forth in the brief: “He. was to sell the negro for the defendant:” “He had settled or accounted with the defendant,” or had “credited him with the amount of the 'sale.” if the plaintiff had done either, how was it made-to appear. The onus lay upon him, after having acknowledged that the sale of the negro in town was for the defendant. The conclusion is irresistible, that lie had never accounted to the defendant for ti e price of the negro, and consequently that the jury were properly instructed to deduct from the plaintiff’s claim the price of the negro, with interest thereon from the time he was sold. . - -
J. J. Caldivell, for motion.
John Caldwell, contra.
The plaintiff can take nothing by his motion.
C-olcocJc, Richardson, and JYott, Justices, concurred,